## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | | |
|---|---|---|
| In re: E.C. MORRIS CORP., | ) | |
| | ) | No. 14-8016 |
| Debtor. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio at Akron
No. 12-50982

Decided and Filed: December 10, 2014

Before: HARRISON, HUMPHREY, and LLOYD, Bankruptcy Appellate Panel Judges.

_____

### COUNSEL

**ON BRIEF:** Ronald N. Towne, LEIBY, HANNA, RASNICK, TOWNE, EVANCHAN, PALMISANO & HOBSON, LLC, Akron, Ohio, for Appellants. Rodd A. Sanders, RODERICK LINTON BELFANCE, LLP, Akron, Ohio, Matthew R. Duncan, BUCKINGHAM DOOLITTLE & BURROUGHS, LLC, Akron, Ohio, for Appellees.

_____

### OPINION
_____

**MARIAN F. HARRISON**, Bankruptcy Appellate Panel Judge.

ECM Chemicals, LLC, and Edward C. Morris ("Appellants") appeal the order of the United States Bankruptcy Court for the Northern District of Ohio ("Bankruptcy Court") denying their Motion to Enforce Order Approving Compromise of Claims. Specifically, the Appellants seek to

stop Ergon Refining, Inc., and Rentwear, Inc. ("Appellees")[1] from pursuing successor liability claims against them based on the Chapter 7 Trustee's compromise of the estate's claims against the Appellants. For the reasons that follow, the Panel AFFIRMS the Bankruptcy Court's denial of the Appellants' motion.

## I. ISSUE ON APPEAL

The issue in this case is whether the Bankruptcy Court correctly denied the Appellants' motion for lack of jurisdiction.

## II. JURISDICTION AND STANDARD OF REVIEW

The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and no party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1).

A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citation omitted). "'[T]he concept of finality applied to appeals in bankruptcy is broader and more flexible than the concept applied in ordinary civil litigation.'" *Millers Cove Energy Co., Inc. v. Moore* (*In re Millers Cove Energy Co., Inc.*)*,* 128 F.3d 449, 451 (6th Cir. 1997) (citations omitted). "This finality requirement is considered 'in a more pragmatic and less technical way in bankruptcy cases than in other situations . . . . In bankruptcy cases, a 'functional' and 'practical' application [of Section 158] is to be the rule.'" *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers of Connecticut* (*In re Dow Corning Corp.*)*,* 86 F.3d 482, 488 (6th Cir. 1996) (citations omitted).

---

[1]On August 26, 2014, the Appellants filed a notice of settlement with Rentwear, Inc. Accordingly, the only remaining appellee is Ergon Refining, Inc.

2

The Appellees make the argument that the Bankruptcy Appellate Panel lacks jurisdiction because the order dismissing the adversary proceeding was "without prejudice." However, the Appellants are not appealing the order dismissing the adversary. Instead, the Appellants are appealing the Bankruptcy Court's denial of their "Motion to Enforce Order Approving Compromise of Claims" based on a lack of subject matter jurisdiction, and the denial of a motion for lack of jurisdiction constitutes a final order and may be appealed as of right. *See Thickstun Bros. Equip. Co., Inc. v. Encompass Servs. Corp.* (*In re Thickstun Bros. Equip. Co., Inc.*), 344 B.R. 515, 517 (B.A.P. 6th Cir. 2006) (citation omitted).[2]

Questions of subject matter jurisdiction are reviewed de novo. *Todd v. Weltman, Weinberg & Reis Co., L.P.A.,* 434 F.3d 432, 435 (6th Cir. 2006) (citation omitted). "Under a de novo standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders* (*In re Morgeson*)*,* 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007) (citation omitted). Essentially, the reviewing court decides the issue "as if it had not been heard before." *Mktg. & Creative Solutions, Inc. v. Scripps Howard Broad. Co.* (*In re Mktg. & Creative Solutions, Inc.*)*,* 338 B.R. 300, 302 (B.A.P. 6th Cir. 2006) (citation omitted).

### III. FACTS

In 2009, the Debtor's financial problems were significant. To address the issue, Appellant Edward C. Morris ("Mr. Morris"), principal of the Debtor, formed Appellant ECM Chemicals, LLC ("ECM Chemicals"), on January 1, 2010. Next, Mr. Morris had the Debtor grant him a security interest in its assets and recorded the financing statement with the Secretary of State on January 5, 2010. On January 10, 2010, Mr. Morris executed a bill of sale and assignment transferring his security interest in the Debtor's assets to ECM Chemicals. The Debtor continued to operate at a loss, and on July 27, 2010, the Debtor, through Mr. Morris, voluntarily surrendered its assets to ECM

---

[2] At the hearing, the Bankruptcy Court and the parties discussed the fact that the order dismissing the adversary was without prejudice. At the end of the discussion, the Bankruptcy Court stated "[b]ut right now I've gone way – way too far into the weeds. This matter came before me on a motion to, quote, enforce order approving compromise of claims. . . ."

3

Chemicals and was dissolved on January 4, 2011. Prior to bankruptcy, the Appellees filed state court actions against the Debtor and the Appellants, as well as unnamed John Does, alleging successor liability, fraudulent transfer, fraud, and breach of fiduciary duty, all under state law. The Debtor filed a voluntary Chapter 7 petition on March 26, 2012.

During the bankruptcy, the Chapter 7 Trustee filed an adversary proceeding against the Appellants and another defendant, Edwin L. Nowlan ("Mr. Nowlan"), a lien holder against the Debtor, to avoid fraudulent transfers. The Chapter 7 Trustee settled with the Appellants and Mr. Nowlan, and after evidentiary hearings, the Bankruptcy Court approved the settlement. The order approving the compromise "authorized, empowered, and directed" the Chapter 7 Trustee to cause a dismissal of the adversary proceeding with prejudice. The Chapter 7 Trustee then submitted, and the Bankruptcy Court entered, an order dismissing the adversary "without prejudice." The adversary was then closed on July 9, 2013. The Chapter 7 Trustee filed his Final Account and Distribution Report on November 4, 2013. The Debtor, as a corporation, did not receive a discharge.

After the bankruptcy proceedings were completed, the Appellees reactivated their respective state court litigation against the Appellants.[3] On January 9, 2014, the Appellants filed a Motion to Enforce Order Approving Compromise of Claims, asking the Bankruptcy Court to enjoin the Appellees from pursuing their state law claims against the Appellants because such claims were barred by res judicata. The Appellants asserted that the Bankruptcy Court had jurisdiction to provide the relief requested pursuant to 11 U.S.C. § 105. In addition, the Appellants argued that *Stern v. Marshall*, ___ U.S. ___, 131 S. Ct. 2594 (2011), did not prevent the relief sought because the state law claims deal directly with the Debtor's assets and because the Bankruptcy Court had jurisdiction to take the necessary action to ensure that such claims do not undermine the Bankruptcy Court's order and the integrity of the bankruptcy process.

---

[3]At the hearings in the Bankruptcy Court and in the pleadings filed with the B.A.P., the Appellees have maintained that they are only pursuing the successor liability claims in the state court litigation.

4

The Bankruptcy Court held a hearing on the Motion to Enforce, adjourning to give the parties the opportunity to brief the jurisdictional issues. At a second hearing, the Bankruptcy Court denied the Motion to Enforce, stating:

> With respect to the relief sought in the motion to enforce, I find that the Court is not authorized to enter final judgment. Among the factual findings that I make in support of this are that this was a Chapter 7 case of a corporate entity in which no discharge was entered. The agreement between the Trustee and the movants today did not include the respondents. The respondents' litigation was pending prior to the bankruptcy filing. And the – that litigation raises state law claims over which there would not have been federal – any federal jurisdiction absent a bankruptcy case.
>
> Under these circumstances, based both on the *Stern* case and, unfortunately for [the movants' counsel], the *Law* case, which was decided just yesterday and addressed the scope of Section 105 in bankruptcy proceedings, I do not believe this Court to have jurisdiction to enter a final judgment on this motion.
>
> . . . .
>
> Based on the foregoing, the Court determines that the motion before me today should be denied.

The Appellants appealed the Bankruptcy Court's denial of the Motion to Enforce.

## IV. DISCUSSION
### A. "RELATED TO" JURISDICTION

Bankruptcy courts have subject matter jurisdiction over proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The most expansive of these categories is "related to" jurisdiction. Therefore, only a determination of whether the matter is "related to" the bankruptcy is necessary in assessing 28 U.S.C. § 1334(b) jurisdiction. *Michigan Emp't Sec. Comm'n v. Wolverine Radio Co.* (*In re Wolverine Radio Co.*), 930 F.2d 1132, 1141 (6th Cir. 1991) (citation omitted).

A civil proceeding is "related to" a bankruptcy case where "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Dow*

*Corning Corp.*, 86 F.3d at 489 (citation and internal quotation marks omitted). A claim is "related to" the bankruptcy proceeding "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id*. *See also Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6, 115 S. Ct. 1493, 1499 (1995) ("[C]ases make clear that bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor.").

In the present case, the pending pre-petition state lawsuits against the non-debtor Appellants for successor liability are not directed at the Debtor or the Debtor's estate, and most importantly, will have no impact on the bankruptcy estate. The Debtor's bankruptcy has been fully administered by the Chapter 7 Trustee, who has filed a Zero Bank Statement/Final Account indicating that there are no estate assets remaining. Accordingly, the Bankruptcy Court correctly held that it did not have subject matter jurisdiction. [4]

The Court notes that the Chapter 7 Trustee might have pursued these state court lawsuits as property of the estate or through his rights and powers under 11 U.S.C. § 544 while the bankruptcy case was pending. *See Hatchett v. United States*, 330 F.3d 875, 886 (6th Cir. 2003) ("[T]he trustee has the exclusive right to bring an action for fraudulent conveyance during the pendency of the bankruptcy proceedings"); *Rieser v. Hayslip* (*In re Canyon Sys. Corp.*), 343 B.R. 615, 659 (Bankr. S.D. Ohio 2006) ("Allowing a bankruptcy trustee to pursue general creditor claims 'ensures that the estate will not be wholly or partially consumed for the benefit of one creditor, or even a small number of creditors.'" (citation omitted)). However, once the bankruptcy case was closed, these lawsuits were no longer the Chapter 7 Trustee's to pursue or administer. *Hatchett*, 330 F.3d at 886 (citations omitted) (Once the bankruptcy proceedings are over, an individual creditor may pursue state law claims for fraudulent conveyance.). The Chapter 7 Trustee either settled and thus,

---

[4] There is no need to determine whether this is a core or non-core proceeding under 28 U.S.C. § 157 because "§ 157 only comes into play if the court first determines it has jurisdiction under § 1334. Section 157 does not create jurisdiction when it does not exist under § 1334." *Johnston v. City of Middletown* (*In re Johnston*)*,* 484 B.R. 698, 713 (Bankr. S.D. Ohio 2012).

administered the claims in these state lawsuits, or he abandoned them. Either way, the bankruptcy case is closed, there are no assets to administer, including these pre-petition state court lawsuits, and therefore, the Bankruptcy Court no longer has jurisdiction. *See Travers v. Bank of Am., N.A.* (*In re Travers*), 507 B.R. 62, 72 (Bankr. D.R.I. 2014) (citation omitted) ("Jurisdiction of bankruptcy courts being temporal, the 'related to' jurisdiction of this Court over . . . claims evaporated upon the Trustee's abandonment of the claims, the Debtor's discharge, and the closure of the case."); *SG & Co. Ne., LLC v. Good,* 461 B.R. 532, 539-40 (Bankr. N.D. Ill. 2011) (jurisdiction lapses when property is transferred out of the estate).

### B.  11 U.S.C. § 105(a)

Nor could the Bankruptcy Court rely on 11 U.S.C. § 105(a) as a basis for jurisdiction to enforce its order approving the compromise and settlement between the Chapter 7 Trustee and the Appellants. The Chapter 7 Trustee did not raise issues of state law successor liability in the adversary, and the Appellees were not parties to the adversary. In *In re Wolverine Radio*, the Sixth Circuit rejected the proposition that a provision of the Bankruptcy Code could serve as an additional grant of jurisdiction, stating that "even were we to view this case solely as a proceeding to obtain an order pursuant to section 105(a), the power of the bankruptcy and district courts to hear this case is limited to the grant of jurisdiction in 28 U.S.C. § 1334."  930 F.2d at 1140 n.13.  Here, the Appellants have paid the Chapter 7 Trustee $25,000 in settlement, the Chapter 7 Trustee has distributed all available assets, and there is nothing left for the Bankruptcy Court to enforce. With nothing to enforce, 11 U.S.C. § 105(a) does not create jurisdiction. *See Law v. Siegel*, ___ U.S. ___, 134 S. Ct. 1188, 1194 (2014) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." (internal quotations and citations omitted)).

### C.  ANTI-INJUNCTION ACT

Finally, the Bankruptcy Court correctly denied the Appellants' request to enjoin the state court proceedings. Pursuant to the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress,

or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The core message of the Anti-Injunction Act is one of respect for state courts. The Act broadly directs "that state courts shall remain free from interference by federal courts. . . ." *Atl. Coast Line R.R. Co. v. Bhd. Locomotive Eng'rs*, 398 U.S. 281, 282, 90 S. Ct. 1739 (1970). The exceptions, designed for important purposes, "are narrow and are 'not [to] be enlarged by loose statutory construction.'" *Choo v. Exxon Corp.*, 486 U.S. 140, 146, 108 S. Ct. 1684, 1689 (1988) (citation omitted). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed. . . ." *Atl. Coast Line*, 398 U.S. at 297.

The relitigation exception to the Anti-Injunction Act is designed to apply the concepts of claim or issue preclusion. *Choo*, 486 U.S. at 147. This exception is to be strictly and narrowly construed since "[d]eciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court," which is the state court in this instance. *See Smith v. Bayer Corp.*, ___ U.S. ___, 131 S. Ct. 2368, 2375 (2011) (citation omitted) (emphasis in original). "For that reason, every benefit of the doubt goes toward the state court; an injunction can issue only if preclusion is clear beyond peradventure." *Id.* at 2376 (internal citation omitted). In the present case, there is no reason the state court should not determine the preclusive effect of the Bankruptcy Court's order upon the state law claims, just as bankruptcy courts are regularly called upon to determine the preclusive effect of state court judgments in bankruptcy. Accordingly, injunctive relief is not appropriate in this case.

## V. CONCLUSION

For the reasons stated, the Bankruptcy Court's order denying the Appellants' Motion to Enforce Order Approving Compromise of Claims is AFFIRMED.